**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AUTO-OWNERS INSURANCE
COMPANY, a Michigan company,

      Plaintiff,

v.

CASE NO:

58 BUILDERS, INC., a dissolved Florida Corporation; JOHN F. HOFFECKER, as Trustee of the John F. Hoffecker Living Trust

      Defendants.

_____

**COMPLAINT FOR DECLARATORY RELIEF**

AUTO-OWNERS INSURANCE COMPANY ("Auto-Owners") files suit against 58 BUILDERS, INC. a Florida corporation, ("58 Builders") and JOHN F. HOFFECKER, as Trustee of the John F. Hoffecker Living Trust ("Hoffecker"), and in support alleges:

**NATURE OF ACTION**

1. This action seeks declaratory relief pursuant to 28 U.S.C. § 2201 to determine an actual controversy between the parties regarding the lack of coverage under a general liability insurance policy for damages due to an insured general contractor's allegedly defective work.

**JURISDICTION AND VENUE**

2. Jurisdiction lies with this Court pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this district because "a substantial part of the events . . . giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b)(2). More specifically, the subject insurance policies were issued, delivered, and incepted in Duval County, Florida, and the underlying lawsuit is pending in St. Johns County, Florida.

4. All conditions precedent have occurred, been performed, or have been waived.

### THE PARTIES

5. Plaintiff Auto-Owners is an insurance company incorporated in Michigan with its principal place of business in Lansing, Michigan. For the purpose of this action, Auto-Owners is an insurance carrier that issued a commercial general liability insurance policy to 58 Builders.

6. Defendant 58 Builders is a dissolved corporation which was, at all relevant times, incorporated in Florida with its principle place of business in Ponte Vedra Beach, Florida. 58 Builders is the named insured under the insurance policies issued by Auto-Owners and the defendant in the underlying construction defect action.

7. Defendant Hoffecker is a citizen of Florida. Hoffecker is domiciled in Ponte Vedra Beach, St. Johns County, Florida. Upon information and belief, St. Johns County, Florida is "the place of [Hoffecker's] true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Upon information and belief, Hoffecker resides at 733 Ponte Vedra Boulevard, Ponte Vedra Beach, Florida 32082.

## COMMON ALLEGATIONS

8. **BACKGROUND.** The John F. Hoffecker Living Trust owns a house located at 733 Ponte Vedra Boulevard, Ponte Vedra Beach, Florida 32082 ("House").

9. The previous homeowners hired 58 Builders as the general contractor for the demolition of an existing structure and construction of the House.

10. 58 Builders served as the general contractor for the demolition of an existing structure and construction of the House. *Underlying Third-Party Compl.* ¶ 5. (Attached as Exhibit "A").

11. On August 13, 2008, the St. Johns County Building Department issued a Certificate of Occupancy for the House.

12. The previous homeowners conveyed the House to Hoffecker by general warranty deed recorded on May 3, 2011.

13. Hoffecker noticed water intrusion in the House in the Spring of 2013 and additional water intrusion and mold growth in the House in September 2013. *Underlying Action Compl.* ¶¶ 9, 10. (Attached as Exhibit "B").

14. **UNDERLYING LAWSUIT.** On July 18, 2016, Hoffecker sued 58 Builders in St. Johns County Circuit Court, Florida, case number CA16-0754 ("Underlying Action"), for negligence related to alleged construction defects to the House. [*Underlying Action Compl.*, Exhibit B].

15. On September 18, 2017, 58 Builders filed a third-party complaint against seven third-party defendants. ("Underlying Third-Party Complaint"). [*Underlying Third-Party Compl.*, Exhibit A].

16. Hoffecker alleges that construction defects exist at the House, and the defects were caused by 58 Builders' defective construction. [*Underlying Action Compl.*, Exhibit B ¶ 19].

17. Hoffecker alleges that damage exists "to other property, including but not limited to the windows, doors, sheathing, wood framing, wall insulation, drywall, and interior trim within the interior wall cavities. [*Underlying Action Compl.*, Exhibit B ¶ 19].

18. Hoffecker alleges that he has incurred damages including:

> The costs associated with remediating the defective construction and replacing the defective materials; and

> Damage to other property within the residence caused by 58 Builders' defective construction, usage of defective materials in the construction, and 58 Builders' construction of a residence with substantial water and air intrusion problems.

[*Underlying Action Compl.*, Exhibit A ¶¶ 30, 31].

19. **THE AUTO-OWNERS POLICY.** Auto-Owners issued a Commercial General Liability Insurance Policy to "58 Builders Inc." as the named insured, Policy No. 072322-78097158-07, with an effective date of January 26, 2007 through January 26, 2008 ("Policy"). A copy of the Policy is attached as Exhibit "C."

20. Auto-Owners issued three (3) renewal policies to 58 Builders, which had effective dates of January 26, 2008 through January 26, 2009; January 26, 2009 through January 26, 2010; and January 26, 2010 through January 26, 2011.[1]

21. The Policy was cancelled effective January 26, 2010. A copy of the cancellation invoice is attached as Exhibit "D."

---

[1] All provisions cited in this complaint are the same in each policy issued to 58 Builders unless otherwise noted.

22. The Policy was effective from January 26, 2007 through January 26, 2010.

[*Policy*, Exhibit C p. 2 of 66; *Cancellation Invoice*, Exhibit D p. 2 of 2].

23. The Policy contains the following pertinent insuring agreement:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

\*\*\*

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1. Insuring Agreement**

        **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. But:

            (1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

            (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\*\*\*

24. The Policy contains the following pertinent exclusions:

**2. Exclusions**

This insurance does not apply to:

\*\*\*

**j.  Damage To Property**

"Property damage" to:

**(1)** Property you own, rent, occupy or use, including any cost or expense incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

\*\*\*

**(3)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises.

     \*\*\*

**(6)** That particular part of real property on which any insured or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(7)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

     \*\*\*

Paragraph **(3)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

     \*\*\*

Paragraph **(7)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

**k.**  **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.**  **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

**m.**  **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising

out of:

 **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

 **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use other property arising out of sudden and accidental physical injury to "your product' or "your work" after it has been put to its intended use.

 \*\*\*

25. The Policy contains the following pertinent definitions:

**SECTION V - DEFINITIONS**

 \*\*\*

 **14.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

 \*\*\*

 **17.** "Products-completed operations hazard":

  **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   **(1)** Products that are still in your physical possession; or

   **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    **(a)** When all of the work called for in your contract has been completed.

  **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

  **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or sub-contractor working on the same project.

 **b.** Does not include "bodily injury" or "property damage" arising out of:

  **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

  **(2)** The existence of tool, uninstalled equipment or abandoned or unused materials; or

  **(3)** Products or operations for which the classification, shown in the Declarations, states the products-completed operations are included.

**18.** "Property Damage" means:

 **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss for use shall be deemed to occur at the time of the physical injury that caused it; or

 **b.** Loss of use of tangible property that is not physically injured. All such loss shall be

deemed to occur at the time of the "occurrence" that caused it.

*** 

26. "Your product":

    a. Means:

        (1) Any goods or product, other than real property, manufactured, sold, handled, distributed or disposed of by:

            (a) You;

            (b) Others trading under your name; or

            (c) A person or organization whose business or assets you have acquired; and

        (2) Contains (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b. Includes:

        (1) Warranties or representations made at anytime with respect to the fitness, quality, durability, performance or use of "your product"; and

        (2) The providing of or failure to provide warnings or instructions.

    c. Does not include vending machines or other property rented to or located for the use of others but not sold.

27. "Your work":

    a. Means:

    **(1)** Work or operations performed by you or on your behalf; and

    **(2)** Materials, parts or equipment furnished in connection with such work or operations.

  **b.** Includes:

    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    **(2)** The providing of or failure to provide warning instructions.

26. The Policy contains endorsement 55189, "Exterior Finishing System and Stucco Exclusion – Form A." The endorsement provides, in pertinent part:

**EXTERIOR FINISHING SYSTEM AND STUCCO EXCLUSION – FORM A**

**A.** Under **SECTION 1 – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** and **COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY, 2. Exclusions,** the following exclusion is added:

**Exterior Finishing System and Stucco**

This insurance does not apply to any claim, "suit", action or proceeding for "bodily injury," "property damage," "personal injury" or "advertising injury" which is in any way related to or arising out of any "exterior finishing system" or exterior "stucco" application.

This exclusion does not apply to any claim, "suit", action or proceeding for "bodily injury" which occurs before completion of "your work".

"Your work" is deemed completed:

**1.** When all of the work called for in your contract has been completed.

2. When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

3. When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

B. The following definitions are added to **SECTION V – DEFINITIONS:**

"Exterior finishing system", is an exterior insulating and finishing system applied to the exterior of a structure which incorporates any synthetic stucco or material similar in substance or purpose, and which may also include: insulating board or other material; adhesive or mechanical fasteners; and the application of flashings, coatings, caulking or sealants.

"Stucco", is a material made of portland cement, sand, cement, lime, and/or plaster, or any combination thereof, applied as a hard covering for exterior walls.

27. The Policy contains endorsement 55238, "Fungi or Bacteria Exclusions."

The endorsement provides, in pertinent part:

**FUNGI OR BACTERIA EXCLUSIONS**

A. Under **SECTION 1 – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, the following exclusions are added:

1. Bodily injury" [sic] or "property damage" arising out of, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria, whether air-borne or not, on or within a building or structure, including its contents. This exclusion applies whether any other cause, event, material or product contributed concurrently or in any sequence to such injury to damage.

2. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria by any insured or by any other person, entity or government authority.

These exclusions do not apply to any "fungi" or bacteria that are on, or contained in, a good or product intended for human consumption.

***

C. The following definition is added to **SECTION V – DEFINITIONS:**

"Fungi", means any type or form of fungus, including but not limited to, any mold, mildew, mycotoxins, spores, scents or byproducts produced or released by any type or form of fungus.

28. Auto-Owners is currently defending 58 Builders against the allegations in Underlying Actions under a reservation of rights to later deny coverage based on the terms and exclusions in the Policy.

29. 58 Builders seeks indemnity for the Underlying Action from Auto-Owners for the alleged defects and/or damage at the House.

30. All conditions precedent have been performed or have been waived.

**COUNT I – NO DUTY TO DEFEND OR INDEMNIFY FOR DAMAGES THAT ARE EXCLUDED BY THE "DAMAGE TO YOUR WORK" EXCLUSION**

31. Auto-Owners incorporates paragraphs 1-30.

32. 58 Builders was the general contractor for the Project and responsible for constructing the Project.

33. The Policy contains the following exclusion:

**l.** **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

("Damage to Your Work Exclusion").

34. Based upon the allegations of the Underlying Action Complaint and/or the actual facts, the claims in the underlying action are excluded by the Damage to Your Work Exclusion.

35. There is an actual and present controversy as to Auto-Owners' duty to defend and indemnify 58 Builders in the Underlying Action.

36. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare the rights and obligations of the parties under the Policy.

**WHEREFORE,** Auto-Owners requests that this Court:

a. Take jurisdiction of this matter and determine and adjudicate the rights and liabilities of the parties with respect to the Policy;

b. Find and declare that Auto-Owners has no duty to defend or indemnify 58 Builders in the Underlying Action;

c. Award Auto-Owners its costs for prosecuting this action, as well as other relief that is equitable, just, and proper under the circumstances.

**COUNT II – NO DUTY TO DEFEND OR INDEMNIFY FOR DAMAGES THAT ARE NOT "PROPERTY DAMAGE" OR DID NOT OCCUR DURING THE POLICY PERIOD**

37. Auto-Owners incorporates paragraphs 1-30.

38. Auto-Owners' duty to defend and indemnify is limited to damages because of "bodily injury" or "property damage" caused by an occurrence.

39. Based on the allegations in the Underlying Action Complaint and/or the actual facts, some or all of the alleged damages are not "property damage."

40. Further, Auto-Owners owes no duty to defend or indemnify 58 Builders for "property damage" that occurred outside of the Policy period.

41. Based on the allegations in the Underlying Action Complaint and/or the actual facts, some or all of the alleged damage occurred outside of the Policy period.

42. There is an actual and present controversy as to Auto-Owners' duty to defend and indemnify 58 Builders against the Underlying Action.

43. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare the rights and obligations of the parties under the Policy.

**WHEREFORE,** Auto-Owners requests that this Court:

a. Take jurisdiction of this matter and determine and adjudicate the rights and liabilities of the parties with respect to the Policy;

b. Find and declare that Auto-Owners has no duty to defend or indemnify 58 Builders in the Underlying Action;

c. Award Auto-Owners its costs for prosecuting this action, as well as other relief that is equitable, just, and proper under the circumstances.

**COUNT III – NO DUTY TO DEFEND OR INDEMNIFY FOR DAMAGES THAT ARE EXCLUDED FROM COVERAGE**

44. Auto-Owners incorporates paragraphs 1-30.

45. The Policy contains exclusions for "Exterior Finishing System and Stucco," "Fungi or Bacteria," "Damage to Property," "Damage to Your Product," and "Damage to Impaired Property or Property not Physically Injured," each of which limits in whole or in part Auto-Owners' duty to defend and indemnify 58 Builders.

46. The Policy contains additional exclusions, each of which may limit in whole or in part Auto-Owners' duty to defend and indemnify 58 Builders.

47. There is an actual and present controversy as to Auto-Owners' duty to defend and indemnify 58 Builders in the Underlying Action.

48. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare the rights and obligations of the parties under the Policy.

**WHEREFORE,** Auto-Owners requests that this Court:

a. Take jurisdiction of this matter and determine and adjudicate the rights and liabilities of the parties with respect to the Policy;

b. Find and declare that Auto-Owners has no duty to defend or indemnify 58 Builders in the Underlying Action;

c. Award Auto-Owners all of its costs for prosecuting this action, as well as other relief that is equitable, just, and proper under the circumstances.

Respectfully Submitted,

**DAVIS LAW FIRM**

*s/Todd M. Davis*
**TODD M. DAVIS, ESQ.**
FL BAR NO. 58470
TD@DavisPLLC.com
**HANNAH T. ANDERSON, ESQ.**
FL BAR NO. 1003186
HA@DavisPLLC.com
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)
*Attorneys for Auto-Owners*